J-A19033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RICHARD K. ROBINSON | |
| Appellant | No. 2785 EDA 2015 |

Appeal from the Judgment of Sentence August 24, 2015
in the Court of Common Pleas of Chester County Criminal Division
at No(s): CP-15-CR-0002459-2014

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 21, 2017**

Appellant, Richard K. Robinson, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following his bench trial convictions of two counts of driving under the influence ("DUI"),[1] aggravated assault by vehicle while DUI,[2] aggravated assault by vehicle,[3] simple assault,[4] and vehicle turning left.[5] Appellant challenges the sufficiency of the evidence. We reverse and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1) and (b).

[2] 75 Pa.C.S. § 3735.1(a).

[3] 75 Pa.C.S. § 3732.1(a).

[4] 18 Pa.C.S. § 2701(a)(2).

[5] 75 Pa.C.S. § 3322.

In its opinion, the trial court summarizes the relevant facts of this case as follows:

On March 8, 2014 at approximately 3:30 p.m., [Appellant] was driving a pick-up truck eastbound on Hannum Avenue in West Chester, Chester County, Pennsylvania, which has one lane in each direction. His car was stopped near the Luk Oil gas station, waiting for cars travelling in the opposite direction to pass so that he could turn left into the gas station. After the cars passed and there were no other vehicles approaching him, he turned left into the gas station and collided with Luke Scott, who was traveling westbound on Hannum Avenue on a bicycle. Mr. Scott suffered numerous injuries as a result of the accident including a fractured hip, left radius fracture, right wrist fracture, and a fractured skull. He also lost all hearing in his right ear.

Tanis Garber-Shaw testified at the trial. She was a passenger in a van that was travelling eastbound on Hannum Avenue. The van stopped behind [Appellant's] vehicle while [Appellant] waited to make a left-hand turn into the gas station. She saw a person travelling the opposite direction on a bicycle approach the gas station. She assumed the truck would wait until the cyclist passed, but it began pulling forward into the driveway. She said "no," because she could tell the cyclist would be hit. Her husband, who was driving the van, said "not good." [Appellant's] vehicle then proceeded to turn left and hit the cyclist. The cyclist did not have time to react. The impact occurred 1 ½ to 2 seconds after [Appellant] began his turn. When [Appellant] began his turn, there were no cars coming from the other direction, there were no hazards in the roadway and visibility was clear. There was nothing impeding [Appellant's] view of Mr. Scott. Following the accident, Ms. Garber-Shaw heard [Appellant] say "I don't know what happened."

Officer Aaron Davis of the Borough of West Chester Police Department arrived at the scene of the accident. When he approached [Appellant], he detected an odor of alcoholic beverages emanating from [Appellant's] mouth. [Appellant] told him he had one vodka and iced tea

approximately 2 hours before the accident. [Appellant] also told him that he was travelling eastbound on [Hannum] Avenue waiting to turn left when a vehicle travelling westbound stopped and waved him on.

Officer Davis asked [Appellant] to perform field sobriety tests . . . which he could not complete successfully. He was placed under arrest for DUI and transported to the hospital for a blood draw. The blood was then sent to the lab for testing. The results of the test indicated that [Appellant's] blood alcohol content (hereinafter "BAC") was 0.153%.

Trial Ct. Op., 11/2/15, at 2-3.

Following a bench trial, the trial court convicted Appellant on July 1, 2015, of two counts of DUI, aggravated assault by vehicle while DUI, aggravated assault by vehicle, simple assault, and vehicle turning left. On August 24, 2015, the court sentenced Appellant to an aggregate sentence of eleven-and-one-half to twenty-three months' imprisonment, followed by eight years' probation. Appellant timely filed a notice of appeal on September 4, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issue for our review:

Whether the evidence adduced at trial was sufficient to support a conviction on the charges of Aggravated Assault by Vehicle While [DUI], Aggravated Assault by Vehicle, and Simple Assault. Specifically, whether the evidence adduced at trial was sufficient to establish the element of criminal negligence for each of these offenses?

Appellant's Brief at 4.

Appellant argues the Commonwealth failed to present sufficient evidence of criminal negligence to support his convictions of aggravated assault by vehicle while DUI, aggravated assault by vehicle, and simple assault. Appellant claims these offenses required that the Commonwealth prove beyond a reasonable doubt that he caused the victim's, Mr. Scott, injuries with criminal negligence. Appellant alleges, however, that the Commonwealth failed to establish that Appellant's conduct constituted more than ordinary civil negligence. Appellant contends Mr. Scott's collision into the passenger side of Appellant's vehicle does not constitute a gross deviation from the required standard of care for a driver under those circumstances. Furthermore, Appellant maintains the Commonwealth also failed to establish that any additional hazards, such as the conditions of the road or the weather, existed on the day of the accident that would have required Appellant to exercise extra caution. Appellant concludes this Court should reverse these convictions. We agree.

Our review of sufficiency of the evidence is governed by the following principles:

> As this case involves a question of law, our scope of review is plenary. Our standard of review is *de novo*.
>
>     \*    \*    \*
>
> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the

evidence believed by the fact-finder was sufficient to support the verdict. [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.

* * *

In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-36, 1237 (Pa. 2007) (quotation marks and citations omitted).

Appellant challenges the sufficiency of the evidence for aggravated assault by vehicle while DUI, aggravated assault by vehicle, and simple assault, which are defined, respectively, as follows:

**§ 3735.1. Aggravated assault by vehicle while driving under the influence**

**(a) Offense defined.—**Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S. § 3735.1(a).

**§ 3732.1. Aggravated assault by vehicle**

**(a) Offense.—**Any person who recklessly or with gross negligence causes serious bodily injury to another person

while engaged in the violation of this Commonwealth of Pennsylvania or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, except section 3802 (relating to driving under influence of alcohol or controlled substance), is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S. § 3732.1(a).

### § 2701.  Simple assault

**(a)   Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

*     *     *

(2)    negligently causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S. § 2701(a)(2).

All of these offenses contain the element of criminal negligence, which is present where:

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct.  The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(4).  When presented with a challenge to the sufficiency of the evidence for criminal negligence, this Court has stated that we must determine:

- 6 -

whether [a]ppellant's conduct amounted to a gross deviation from the standard of care:

In determining whether a person's actions constitute criminal negligence one must obviously consider the entire situation; and we hold that the determination whether those actions qualify as a "gross deviation" within the meaning of the statute, can depend upon the nature of the standard applicable to a given situation.

*Commonwealth v. Kutzel*, 64 A.3d 1114, 1119 (Pa. Super. 2013) (quoting *Commonwealth v. Lobiondo*, 462 A.2d 662, 666 (Pa. 1983)). "While both criminal negligence and recklessness involve 'gross' deviations from reasonable conduct, recklessness includes conscious disregard of a risk whereas criminal negligence is accompanied by lack of awareness of a risk." *Commonwealth v. Heck*, 491 A.2d 212, 216 (Pa. Super. 1985). "A driver's failure to act with reasonable care or attention in the circumstances is nothing more than proof of his negligence as that term is used in the civil law." *Id.* at 216-17 (citation omitted).

In *Heck*, this Court held there was insufficient evidence to support the appellant's conviction for vehicular homicide after the appellant's vehicle struck and killed a motorcyclist traveling in the opposite direction while the appellant was making a left-hand turn. *Id.* at 214-15. The accident occurred during the morning when "[t]he sun was up and the weather [was] clear and dry." *Id.* at 215. While at an intersection, the appellant made a left-hand turn when the right front fender of his vehicle collided with a motorcycle traveling in the opposite direction. *Id.* Evidence introduced at

trial indicated that, due to the configuration of the road, the appellant did not see the motorcycle until it was too late, as the appellant's car "did not skid or slide before impact, nor did it speed up; it simply turned in front of the cycle." *Id.* at 217-18 (citation omitted). This Court concluded that, although the appellant should have known he was violating Section 3322 of the Motor Vehicle Code (vehicle turning left), there was insufficient evidence to prove the appellant knew his turn would constitute a hazard "to establish any degree of culpability higher than ordinary negligence." *Id.* at 217. The appellant's failure to timely recognize the hazard, therefore, was not a "'gross' deviation from a reasonable standard of care." *Id.* at 218.

In contrast, in *Commonwealth v. Eichler*, 133 A.3d 775 (Pa. Super. 2016), the appellant was convicted of, *inter alia*, aggravated assault by vehicle while DUI, and this Court determined there was sufficient evidence for the conviction. *Id.* at 791 (citation omitted). In *Eichler*, the appellant was operating his vehicle when he swerved off the road, struck the victim who was in a motorized wheelchair, and left the scene. *Id.* at 789, 790. A police sergeant went to the appellant's home and observed damage to the right front corner and passenger side door of the appellant's vehicle. *Id.* at 790. Upon speaking to the appellant, the sergeant noticed he had bloodshot eyes, was slurring his speech, and appeared to be highly intoxicated. *Id.* The sergeant asked the appellant why he left the scene of the accident, and the appellant responded that he had been drinking. *Id.* at 790-91. The

appellant was arrested and taken to a hospital where his BAC was found to be .30%. *Id.* at 791.

At trial, in *Eichler*, a Pennsylvania state trooper who had conducted accident reconstruction testified that the accident had occurred at nighttime, there were no adverse weather or road conditions at the time of the collision, and that the roadway was dry. *Id.* at 788. The trooper determined that based on the conditions and the appellant's speed, a "reasonably sober attentive driver would be able to ascertain that there was a threat in his lane, regardless of what it was . . . and a sober, attentive driver would have been able to, at least, slow to a reasonable speed and . . . steer out around the wheelchair, if not stop altogether." *Id.* at 789. Thus, this Court concluded that there was sufficient evidence of criminal negligence for the jury to have convicted the appellant of aggravated assault by vehicle while DUI. *Id.* at 792.

Instantly, we are constrained to conclude that the facts of Appellant's case are more analogous to those in *Heck* than in *Eichler*. We acknowledge that although Appellant's accident occurred during the daytime with no hazardous weather or road conditions, Appellant was clearly intoxicated. When Officer Davis arrived on the scene he detected an odor of alcohol on Appellant's breath and he administered two field sobriety tests, both of which Appellant failed. A blood test also revealed Appellant's BAC to be 0.153%, an amount above the legal limit. Under these circumstances,

Appellant **should have known** that his actions would constitute a hazard. *See Heck*, 492 A.2d at 217. Nevertheless, considering the entire situation, the evidence presented at trial was insufficient to prove Appellant **knew** that making a left-hand turn while DUI presented a risk to Mr. Scott. *See id.* at 216. Thus, Appellant's actions did not constitute a "gross deviation from the standard of care that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(4). *See Kutzel*, 64 A.3d at 1119.

Moreover, none of the evidence presented at trial sufficiently proved Appellant's actions were "accompanied by [a] lack of awareness of a risk." *See Heck*, 492 A.2d at 216. Garber-Shaw testified that she and her husband were in a freightliner van directly behind Appellant's vehicle and, therefore, could clearly see completely over Appellant's vehicle at the traffic coming in the opposite direction. N.T. Trial, 5/18/15, at 38-39. Garber-Shaw further testified that Appellant's vehicle waited until the traffic cleared to make a left-hand turn into the gas station. *Id.* at 39. Unlike in *Eichler*, the Commonwealth failed to present any evidence that Appellant was driving poorly prior to the accident. Furthermore, the Commonwealth presented no expert testimony that a reasonably sober and attentive driver would have been able to appreciate the risk. *See Eichler*, 133 A.3d at 789. Therefore, Appellant's actions did not exhibit more than a mere failure "to act with reasonable care or attention" for ordinary civil negligence. *See Heck*, 492 A.2d at 216-17. Accordingly, there was insufficient evidence to support

Appellant's convictions for aggravated assault by vehicle while DUI, aggravated assault by vehicle,[6] and simple assault. **See** 75 Pa.C.S. §§ 3735.1(a), 3732.1(a); 18 Pa.C.S. § 2701(a)(2). We reverse Appellant's judgment of sentence for these offenses and remand for resentencing.[7]

Judgment of sentence reversed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017

---

[6] We note that Appellant waived any challenge to the element of "recklessness" in the offense of aggravated assault by vehicle for failing to provide argument in his brief. **See** Pa.R.A.P. 2119(a). Nevertheless, even if properly raised, our disposition precludes a finding of recklessness following a determination of insufficient evidence of criminal negligence.

[7] In reversing Appellant's judgment of sentence for these offenses, we have disturbed the court's overall sentencing scheme. Therefore, we remand for resentencing on the remaining convictions. **See Commonwealth v. Williams**, 871 A.2d 254, 266 (Pa. Super. 2005) (citations omitted).